Your Honor, it's a clear case of the morning quality, the State of Illinois v. Harris-Bauman, 2-110-504. On behalf of the Avalanche, Mr. Matthew Haydick, on behalf of the Avalanche, Ms. Diane Campbell. Good morning, counsel. Mr. Haydick? Your Honor, if I might, I would like to make an oral motion for additional authority. I've provided the court with copies of the case. I've consulted with my opposing counsel. He's in agreement with it. The case is People v. Ruebman. It's a November 8th decision by the 2nd District Appellate Court. It deals directly with the issues addressed in this case, and it cites all of the main cases that we cite in our briefs. So, I'll be happy to follow it up with a written motion. All right, counsel, any objection? None whatsoever, Your Honor. At this time, your motion is granted. May it please the Court? Counsel? Good morning. Good morning. I want to thank the Court for giving me the opportunity today to come in and talk about Mr. Bauman and his speedy trial rights. The facts in this case are simple. I'm sure you've read the briefs. We have, counsel, so you don't need to address the facts. The issue as I see it, the main issue and pretty much the sole issue, is the delay issue. The statute requires, the statute says that unless a delay is occasioned by the defendant, the defendant has a right to a trial of 160 days. The issue of whether or not the defendant made a valid speedy trial demand is not an issue. The State concedes that in its brief. The contention of the trial court or the State, who are even the trial court, that the Zacharowskis case stands for the proposition that the defendant not being present at any court date, which is essentially what happened, waives his right to a speedy trial demand, is in essence a misreading of that case. And more importantly, it is a reading of the final sentence of 725 ILCS 5-1035B out of context. As the Court knows, the sentence, the defendant's failure to appear for any court date set by the Court operates to waive the defendant's demand for a speedy trial made under the subsection was added pursuant to a 2000 amendment. The context in which that was added, and that's exactly what Zacharowskis talks about, is that, as I'm sure the Court knows, prior to that, there were issues when a defendant missed a court date, whether or not it served to waive the speedy trial demand or toll the speedy trial rights. That is, whether to say he goes back to starting at zero or whether or not the dates would just be tolled and start computing it where they were prior to that delay. But the statute changed, obviously. The statute did change. The context, however, did not. And part of that context is found in the same statute, which is 725 ILCS 5-1035F, which specifically talks about tolling. And when you look at the Zacharowskis case, it talks about that context and that sentence. The only way to rule as you could, and we don't need to go over the facts, but in essence, the court date here was a status on a return on a subpoena due to a state. If your client had prior to the date where he did not appear, and I'm not going to use the term failure because that's the issue, but your client did appear on a prior return date, but on that date where the court found a waiver to have occurred, he did not appear, correct? Absolutely correct. And the trial court apparently was given a copy of the case because he cited to the case. Do you know which party gave him a copy of that case? What I can tell you, Judge, is that this has been an issue in McHenry County going back a long time. The court did then say it's a waiver. Can you explain why there was never a subsequent or new demand filed? The court mentions it's a waiver, but I believe that the belief of the defendant and the defense attorney at that point was that the court was incorrect with that. Getting to your point about how the defendant had appeared previously on a return, I don't understand. Our position is he was not required by law to do that as far as the speedy trial demand in the statute is concerned. The reason he did not re-demand speedy trial is because it's the defendant's contention position, and I believe this is supported by the law and the facts, that he didn't have to. That the court's ruling was an error, that the court's ruling took this section out of context, and that context in the error because the defendant at no point caused any delay. And the first sentence in the statute under subsection B requires that unless the delay is occasioned by the defendant, which is in essence the threshold question, that none of that other stuff matters. Well, I think when you throw in the phrase delay occasion, you might be, in my opinion, getting a little bit away from the two critical issues. I suggest the two critical issues in this case are this. What is meant by the meaning of the phrase the defendant's failure to appear for any court date set by the court? The operative critical words there being set by the court. The corollary critical issue is, is the fact that the defendant does not appear on a status date on a state subpoena a date set by the court? And I was going to get to that, my point being initially that our position is that step one is, is there a delay? Step two is, what date was missed and what is the significance and does it go through? Well, you don't have to worry about delay. If it's not a date set by the court, delay is irrelevant. That's fine. That's fine. I mean, that's the whole. If it's not set by the court, there is no delay, there is no waiver. There can't be under the statute. And then getting to that point, Judge, I mean, in effect what happened is the state had, and the record is unclear, the state had two status of subpoena return date. It's a little bit fuzzy on their notice. They issue a subpoena dues to take them. It's returnable to the court of the day. And then they send notice, at least one by fax, I think all of them by fax, not to the defendant personally, but to his attorney saying we've noticed this up for status. Assuming that the status is going to be is the judge going to hand us our stuff or not? Okay. The other side, to hone in on the critical issues again is the corollary of that. They're going to argue what they have to argue, obviously. They're going to argue that the status date on the state subpoena would have to be the equivalent of a date set by the court. Okay. So cut to the chase. Tell us succinctly why a status date on a state subpoena is not a date set by the court within the operative meaning of the statute. Judge, the reason it's not a date set by the court is because, as a matter of practice, the state issues their subpoena. They go to the clerk. They pick what date they want. And the state's argument in the trial court is, well, we don't set that date. The court sets the date because we can't set it on Saturday or Sunday or Christmas or whatever. Quite honestly, because the court sets out a finite period of dates doesn't mean the court is picking the date. The court is blocking out some days that, quite frankly, that the government is not in operation up there. The state picked those dates. The state didn't need any help from the court in picking them. It didn't need the court's approval. It didn't need a court order to do that, unlike the dates that are set in court by the court, the trial court, the trial date, the status of trial date and all those dates. So the state had 100 percent control over those dates. The state, in this case, didn't come into the court and say, give us the state, give us the state. Absolutely not. They followed the local McHenry County rules. And then they sent the notice to the attorney. But the phrase isn't set by the court in court. I mean, it just says set by the court. So it could be interpreted a little more broadly, wouldn't you think? I would think not, quite honestly. The court had nothing to do with the dates. If you're going to argue that by virtue of a rule or a previous court order being out there, an administrative order saying we're not open on Saturday or Sunday, we can't set cases on Saturday or Sunday, then I would concede you are correct. But beyond that, it's not as though there's a court order that they have you abide by saying status on return dates can even be set one day a week. You read the Speedy Trial Act. You read it together with the bail provisions, correct? Yes. What were the conditions of the defendant's bail with respect to his court appearances? I know for a fact that the first court date, which was I believe March 6th or something thereabouts, was specifically mentioned in the bail provision. And I looked at the bail provisions. But in essence, is there anything in the bail statute that requires any person, any defendant, to appear for status on subpoenas? I can tell you to my knowledge from working in that courthouse that typically defendants are not required to be present on those dates. And I don't know anything in the bail provisions that requires them to be present. I'm assuming we don't want to hear any more about delay unless you have any other questions. I'm speaking for myself. I don't think that's the critical issue. If it's not set by the court, delay, you put in the cart before the horse, becomes irrelevant. There is no delay. It's not a date set by the court that he's not there or can't be a delay. Correct. In my position, the court knows this is that there needs to be a delay. And even though there was the court found a waiver, there was no bond forfeiture warrant issued, correct? The state asked for one, but there wasn't one issued. There wasn't even a bond forfeiture. No, and I point that out in my brief. That's actually on the status of subpoena return. That's the only thing the state's concerned about that day. The only thing the state's concerned about is the defendant not being present. They're not saying, Judge, do you have our documents? It's just in case Attorney Leonard, the first thing out of our mouth is, Judge, the defendant's not here. We want a warrant. Hearing no further questions. Well, you'll have an opportunity in rebuttal. Absolutely. If there's another point or issue that's brought up, you'll have the opportunity to address it. Thank you very much. Thank you. Ms. Campbell. Good morning, Your Honors. Good morning. I'd first like to address a principle, and that Justice Burkett has come in with some of this expression, is that with liberty comes responsibility. When the defendant bonds out, he is obliged to appear for his court dates. Those court dates, and we include the return of the subpoena to be one, those things are all accorded by local court rules. So the state's argument is that, in fact, was a date when the defendant was obliged to appear. Speaking to the trial issue, this is an issue of statutory construction. Would you grant the defendant that? In Kohler, this court looked at the two standards. One was that it's an abuse of discretion standard, and that's with continuances and things like that. And then a statutory interpretation as de novo. And when reviewing speedy trial provisions, we liberally construe them to protect the right, correct? Correct. And this can't be a de novo. This can't be an abuse of discretion. It's a statutory construction issue. The court didn't decide this in Kohler. I would argue that, in fact, the trial court properly exercised its discretion when it found the waiver. But it can also – So the court properly exercises discretion in interpreting the phrase set by the court? That's a matter of abuse of discretion, whether it's set by the court? Isn't that a statutory phrase that has to be construed? Yes. If we're going to go on that line, it is a de novo. I think that's the one we have to go on. This court found that, regardless of the standard of review in Kohler, you come up with the same one. But here, there's no disputed facts. It's a question of statutory interpretation, correct? Yeah, and case law interpretation, yeah. To be liberally construed to protect the right. Correct. Okay. I think what we're – the core issue here is a recognition of the trial court's authority and the importance of the trial judge in controlling – their ability to control their docket in their courtroom. Well, you talk about the trial judge controlling his docket. I counted four different judges that presided over this case at different times. And on one occasion, the state didn't even know why the case was up or why the case was on the call. And you might point this out to the state's attorney. Citizens' state's attorneys should identify themselves for the record. They should also be noted on the court orders that are prepared, who prepared the orders. But the state didn't even know why the case was up on May 11th. I don't have a particular recollection of – I was concentrating more on the court dates where we were arguing about the – that was Judge Wilbrandt who indicated return on subpoena. Counsel indicated that there's a speedy trial demand. The court then said, oh, yeah, you have a speedy trial. We'll just keep August 9th. We'll just keep August 9th as the next date. And the defendant was actually there that day, and the state said, oh, that's going to be within the speedy trial. The court asked the state, is that going to be within the speedy trial range? And the assistant state's attorney said, I have no idea. The file's up somewhere. Yes. I believe that someone at that point was substituting. But the core issue goes back to whether or not the defendant waived the speedy trial demand when he – I would call it a failure to appear. And that – If it's not a date set by the court, he can't waive, obviously, as you know, interpreting the statute is a very well-settled law. You have to read the statute in a whole and give meaning to all of the operant terms. It doesn't say the defendant's failure to appear for any court date operates to waive the defendant's demand, does it? I would agree with you we wouldn't even be here if that's what it says. It says the defendant's failure to appear for any court date set by the court operates. So set by the court is a phrase that has to be considered. What is the meaning of that? And when you talk about a date the trial court's right to control its dacet, which is a legitimate logical point, what is it – how is it implicated in this case where the trial court had nothing to do with the setting of the date? How is the trial court conducting – controlling its dacet when the state notices it in for a certain date? The trial court did address this in some of its comments, and that is – oh, man, I'm having trouble reading the Xeroxed portion. It is on page 2 of the date, which I'm sorry I can't read off of the bottom, but the trial court is talking about the argument which is exactly that. It's page 2 to 6, and the trial court's reasoning is that all the court dates are set up according to the local circuit clerk's office. And that is an arm of the state, so those – all those dates are impact court set dates. In Wigman, the case that you cited, we held that the clerk's office is not an arm of the state for purposes of filing documents intended to trigger the speedy trial clock. Why should we treat the state as the court for purposes of scheduling dates on which the defendant is required to appear when we wouldn't do so for the state when the tables are turned? As I said, I think part of the argument here that should be considered is recognizing that it's not the defendant's decision which court dates are important enough for him to appear to. But how would this work? How would this work? Mechanically, how would this work? There are literally tens of thousands of subpoenas issued daily in the court system, the circuit court system throughout this state. Tens of thousands. When you consider the number of DUIs, bank records that are subpoenaed for convenience of the parties, for purposes of discovery, your interpretation would require continuous contact with not just your defense counsel but the clerk's office by defendants who are out on bail and want to have a speedy trial. I think at this point, you know, it's clear that the defendant and his attorney have noticed. They have appeared in court for the first return of the subpoenas which was actually theirs. At that point, had the defendant wished to waive his appearance at, you know, further such proceedings, he could have sought from the court and gotten a waiver of his appearance for all subpoenas. What if he doesn't know? What if he doesn't know? What if the attorney didn't call him and the attorney apparently just thought this was a return on subpoena, not a court date set by the court, so? I would say that that was bad advice by his attorney. Certainly, his attorney should have counseled him to come and then we will get a waiver from the court. Again, this is a recognition of the trial court's authority. It's not the defendant who should decide that the court date isn't important enough. It is the trial court and the trial judge. So the defendant should, I believe in this case, properly have, if at that first subpoena return he had told the trial judge or whichever trial judge it was, that I would like to waive my client's, you know, appearance for further either status or subpoena returns, there would have been no problem. That might have some merit if it was clear that there were going to be interim court dates, but that was not clear at that time. The state issued the subpoena later. Then my argument is that the defendant was, in fact, obliged to show up for that first one at which, you know, he could have easily then requested. I think one of the keys here, and this is expressed well in the Higginbottom case at paragraphs 26 and 27, which are notes four to six, the defendant can't convert a failure to appear by providing an explanation at a later date to avoid the effect of waiver. That presupposes, I'm familiar with it, that presupposes a failure to appear at a date set by the court. This was not a date set by the court by evidence of the fact that the court declined to entertain the state's motion for a bond forfeiture warrant. I would disagree with that because in doing the subpoenas and issuing those and, you know, requesting the return dates in court, the state followed the local court rules. But the wording of those local court rules, that local court rule really doesn't help your position, does it? I mean, it says, specifically provides that subpoenas shall be returnable before the judge is signed to the case at a time that the court is normally in session. It doesn't say at a time set by the court. I mean, it was the state that had the discretion to set it on any date that court was in session. So, again, it doesn't really help your position. But more specifically, what judge set the date here? What judge's order set the date here? There is no judge's direct order. It is the parties operating through the courts and their compliance with the various rules and regulations that set the date. And I believe that since they are operating within the bounds of the court system and the court rules and regulations, that is, in fact, a date set by the court. Where in the bail bond order does it say the defendant has to appear for status on subpoenas? It doesn't. It says that they're obliged to report for court dates. Set by the court? Yes. Was there an administrative order by the chief judge in McHenry County setting the dates the court was in session? I mean, is that part of the record? That's not part of the record. How would you respond to this argument since we're talking about the realities of the real world? What about a situation where you have a capitated case, and that owner is filing dozens of subpoena requests, discovery requests? Couldn't the state notice the defendant in every week of the year? The defendant would lose his job. How do you respond to that argument? The defendant could be required to appear. If you're saying he's got to appear in every court date, he'd have to be in there every week. And that's okay? No. In that case, what should have happened, as it should have happened in this case, is if it becomes onerous, I'm sure that defense counsel will object to the various and dispersed dates. If defense counsel wishes, they could request a waiver of the defendant's presence. What if the court denies that? Then what happens? Then I think it would, then... Then there's a problem, isn't there? Well, it depends on the extent to it. Certainly a defendant who was oppressively obliged to appear and lost their job as a result would have a very good case that the trial judge had abused his discretion in refusing to allow him to waive the presence. Two years later, he's lost his job? Sometimes the wheels of justice are slow. I don't believe that the normal trial judge would be so oblivious or uncompassionate to a defendant. Most of the trial judges I've seen are more than willing to work with defendants to maintain their jobs and their medical appointments, if that's the excuse, whatever it is. Your argument is essentially the state can set a date for the defendant to appear. That's your argument. That's what it boils down to. Yes, but... The state can set a date. Well, the defendant... The state's attorney, Sue Esmonte, on his own, said, I want to put this date for return on subpoena, give the clerk's office the notice, send notice to counsel. Does that also mean, since you can require a defendant to appear, you can also waive the defendant's appearance for a date? Can you do that as well? I think the better way to phrase that is the defendant here was the first one to file a subpoena and require the state's presence in court in answer to that subpoena. So it does, in fact, work both ways. And so I don't see it as a disparate obligation on the defendant, because both sides are doing this. The first subpoena and return where all the parties appeared was, in fact, the defendant's subpoena. But the state wouldn't be taking off work to be in there, because they're in the courthouse. That's... Many defense counsels are similarly situated, so... State's not on bond. True. On the other issue of delay, assuming that we get to that, but we certainly may not, how did the defendant's absence on the return day of the subpoena cause any delay in the proceedings? I do not believe that it did, but as the courts have noticed in the case law, the legislature separated out, in particular, failure to appear for a special handling when they imposed the waiver. It used to be tolling, now it's waived. Correct. Okay. So obviously the legislature's concern is particularly with a failure to appear. The General Assembly's intent was to prevent tacking, which is no trial date is set, yet the defendant is on bail, and then there's a failure to appear. The defendant then reappears, there's a trial date set, and the defendant then asks that the two periods be tied together so that the term would have run. That's what the legislation was intended to do. Here, you had a date already set for trial, an agreed date that the state and the parties set. So the statutory purpose or the policy behind the amendment was not in play here. You already had a trial date. There was no, quote, unquote, failure to appear on a date set by the court, a failure to appear on a date set by the state. I think there's an additional principle here at work, which is the courts in the various cases have differentiated between, I believe the phrase used was an excused absence with a continuance and explanations. And the key to that is that in the excused absence with continuances, in which a waiver is not found, the defendant has taken preemptive action to explain to the court their non-appearance. In the excused, which either can be explained or unexplained, the defendant has simply failed to appear at that time and then either offered an excuse, but they have not taken any proactive actions prior to the appearance date. How does that tie into the statutory interpretation as to whether or not it's a date set by the court? That doesn't. That explains why the court is treating the waiver failure to appearance as a separate issue. That's one of the things they're trying to do is have the defendant take proactive action when they're not going to appear at their scheduled date. And, again, that's tied in with the trial court's ability to control its docket and, you know, their authority. It is the trial court's discretion or decision whether or not a defendant's absence can be excused. So, you know, as you pointed out, you know, the defendant or, as I suggested, the proper action for the defendant in this case would have been to appear at that date, say, I would like to waive my presence at any future subpoena returns, and then get the court's confirmation that that's okay. It could have been an action if he was required to be there, so that's, which is really the critical issue. Was he required to be there because of whether or not it was a date set by the court? The state's position, obviously, is yes, he was required. Of course. Anything else? No. Okay. Thank you very much. May I have your order? Mr. Hennessey. I take a little bit, or I'm a little concerned, I should say, with the state's contention that Mr. Baumann's attorneys, because they subpoenaed things in an effort to help him put on a defense, should have asked the court to be waived at future dates that weren't set, for which we didn't know if there were going to be any. That doesn't solve a problem. It just sort of flip-flops the litigants, because if he were to have done that, and if Judge Graham said, yes, that's okay, all you're doing is putting the state in a position where they're going to object, they need their continuance later, perhaps Judge Graham dismisses the case, it doesn't resolve the argument. It just puts the state in a position where now they have an issue, and they're going to bring it before this court. So that contention, I think, is impractical for a couple reasons. Most notably being that I don't know there are many judges who are going to waive a client's presence and a date that's not set for purposes the court's unaware. And again, it doesn't alleviate the argument. It just flip-flops it. Quite frankly, I had a couple other remarks. I think you guys have covered them in your questions. The state tells you that this is sort of an issue of judicial respect, that a defendant does have a right to choose what court dates the defendant shows up to. The reality is is the state doesn't have the right to command the defendant's appearance absent some sort of court order or some sort of judicial approval that they do. And in this case, they didn't. There wasn't a bond order. There wasn't a court order. There wasn't even an administrative order we found anywhere saying he had to be there for this sort of thing. The practice is that he doesn't. The state chose the date. The state chose three different days. If you look at the way they issued their subpoenas, they did it in sort of an odd fashion. I won't get into that, but they did. And that's what brings us here today. Mr. Baumann didn't cause a delay. Mr. Baumann didn't miss a date he was commanded by statute to be there. His rights were violated. Thank you. Why was there no new demand filed? Even though the court may have been in error, doesn't defense counsel, the defendant, have a responsibility to file a new demand? If you're going to an issue of effective assistance of counsel, perhaps. I mean, I think you're opening up the argument then that by filing the second demand, even if we were correct in our position on the first one, we're now starting back at 160 because the speedy trial demand is an effective date of that demand. So I think you're almost, in a trial term, you're muddying the waters. You might forfeit that argument. You're muddying the waters. That's correct. Thank you very much. Thank you very much. At this time, the court will take the matter under advisement and render a decision on due course. Court stands adjourned for the day. Thank you.